UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DETROIT COFFEE COMPANY, LLC,
                       Plaintiff,

              -v-

SOUP FOR YOU, LLC d/b/a DETROIT
BOLD COFFEE CO. and ALLEN
JAMES O'NEIL,
                       Defendants.

16-CV-9875 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

In this case, a company called Detroit Coffee Company, LLC is suing a company called Detroit Bold Coffee Co. for trademark infringement. Defendants move to dismiss or transfer on the basis of improper venue, arguing that the case should be litigated in the Eastern District of Michigan, the home of the city for which both companies are named. For the reasons that follow, Defendant's motion is granted and the case is transferred.

**I.    Background**

Plaintiff Detroit Coffee Company, LLC ("Detroit Coffee") is a Michigan limited liability company, with its principal place of business located at its founder's home office in New York City. (Dkt. No. 29 ("Compl.") ¶ 6; Dkt. No. 34-14 ("O'Neil Decl.") ¶ 6.) Detroit Coffee sells coffee products throughout the United States under the trademark DETROIT COFFEE, which it registered in 2013. (Compl. ¶¶ 10 14.) Detroit Coffee alleges that it has continuously used the DETROIT COFFEE mark in commerce for thirteen years and that its mark is well known among its customers and throughout the national coffee market. (Compl. ¶¶ 16–17.)

Detroit Coffee brings this action for infringement against Defendant Soup for You, LLC, doing business as Detroit Bold Coffee Co. ("Detroit Bold"), a Michigan limited liability

1

company with its principal place of business in Michigan (Compl. ¶ 7), and Defendant Allen James O'Neil, Detroit Bold's founder and sole owner, who resides in Michigan (Compl. ¶¶ 8, 23). Detroit Bold sells coffee products using the marks DETROIT BOLD COFFEE COMPANY DB, DETROIT BOLD COFFEE CO., and DETROIT BOLD. (Compl. ¶ 21.) The vast majority of Detroit Bold's sales occur in the state of Michigan, but the company also makes its coffee available for sale online. (O'Neil Decl. ¶¶ 15–16.) The Complaint alleges that Detroit Bold's marks are confusingly similar to Detroit Coffee's. (Compl. ¶¶ 37–39, 56, 58–60.)

Defendants move to dismiss the Complaint for improper venue, or, in the alternative, to transfer the case to the Eastern District of Michigan. They also move to dismiss the Complaint as against Defendant O'Neil for lack of personal jurisdiction.[1] (Dkt. No. 31.)

## II. Legal Standard

"On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." *Cartier v. Micha, Inc.*, No. 06 Civ. 4699, 2007 WL 1187188, at *2 (S.D.N.Y. Apr. 20, 2007). Unless the court holds an evidentiary hearing, "the plaintiff need only make a *prima facie* showing of [venue]." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (alteration in original) (quoting *CutCo Indus. v. Naughton*, 806 F.2d 361, 364–65 (2d Cir. 1986)). A court may consider facts outside of the pleadings when resolving a motion to dismiss for improper venue. *See Japan Press Serv., Inc. v. Japan Press Serv., Inc.*, No. 11 Civ. 5875, 2013 WL 80181, at *4 (E.D.N.Y. Jan. 2, 2013).

When a defendant challenges both personal jurisdiction and venue, a court may consider venue first "when there is a sound prudential justification for doing so." *Leroy v. Great W.*

---

[1] Plaintiff responded to Defendants' first motion to dismiss by filing its first amended complaint. Therefore, Defendant's first motion to dismiss at Docket Number 20 is denied as moot.

*United Corp.*, 443 U.S. 173, 180 (1979). "[W]here personal jurisdiction would likely exist in the transferee district over a defendant who contests personal jurisdiction in the Southern District of New York, it is 'prudentially appropriate to address venue first since a decision to transfer would render personal jurisdiction analysis with respect to [the Southern District] irrelevant.'" *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 741 (S.D.N.Y. 2013) (alteration in original) (quoting *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385–86 (S.D.N.Y. 2010)).

**III.     Discussion**

    **A.     Venue in the Southern District of New York**

The federal venue statute provides that "[a] civil action may be brought in . . . (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b).[2] Because Defendants do not both reside in New York,[3] venue is proper in this district only if "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of New York. *Id.*

---

    [2]     If neither of those conditions is met, § 1391(b) provides a safety-valve provision that allows an action to be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Because the Court concludes that venue is proper in the Eastern District of Michigan, this catch-all provision does not apply.

    [3]     Defendant O'Neil "resides" in Michigan. *See* 28 U.S.C. § 1391(c)(1) ("[A] natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled . . . ."). Because all Defendants are not residents of New York, the Court need not determine where Detroit Bold "resides" for purposes of venue. *See id.* § 1391(c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .").

3

"[I]n trademark infringement claims, . . . venue may be proper in each jurisdiction where infringement is properly alleged to have occurred." *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F. Supp. 175, 182 (S.D.N.Y. 1995). Infringement occurs wherever the alleged consumer confusion occurs. "[I]t is not the assembling of the product and the affixing of the infringing trademark that controls for purposes of venue in trademark infringement case, but rather, it is the marketing and selling of the product." *Time Prods. v. J. Tiras Classic Handbags, Inc.*, No. 93 Civ. 7856, 1994 WL 363930, at *9 (S.D.N.Y. July 13, 1994).

To demonstrate that a "substantial part" of the events giving rise to a claim of trademark infringement have occurred in a particular district, the plaintiff can demonstrate either substantial sales of the infringing product in the district or intentional targeting of the infringing product into the district. *See D'Anton Jos, S.L. v. Doll Factory, Inc.*, 937 F. Supp. 320, 321 (S.D.N.Y. 1996) ("A substantial part of events occurs in New York if the defendant targets New York by advertising and actively pursues efforts to market the infringing product here or if the defendant sells a substantial amount of the allegedly infringing goods to customers here."); *see also Cartier*, 2007 WL 1187188, at *3.

### 1. Substantial Sales

First, venue by substantial sales requires, at minimum, that the plaintiff allege some non-nominal amount of sales in the district. *See, e.g.*, *Crescent Publ'g Grp. v. Am. Video Corp.*, No. 93 Civ. 5896, 1996 WL 143928, at *3 (S.D.N.Y. Mar. 29, 1996). The Court must "take seriously the adjective 'substantial,'" which means that "for venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question . . . ." *Gulf Ins. Co.*, 417 F.3d at 357.

Plaintiff has failed to demonstrate that a substantial amount of sales of the allegedly infringing products occurred in the Southern District of New York. Ninety-five percent of

Detroit Bold's sales occur in the state of Michigan, and the remaining five percent occur via online ordering. (O'Neil Decl. ¶¶ 15–16.) Only two percent of that five percent—21 sales out of 1,040—were made to customers in the state of New York. (O'Neil Decl. ¶ 17.) All told, 99.9% of Detroit Bold's sales of the allegedly infringing product occurred outside of this district.[4] (O'Neil Decl. ¶ 18.) Such a paltry number of sales, both in absolute and relative terms, cannot be said to represent "a substantial part of the events . . . giving rise to" a claim of trademark infringement. 28 U.S.C. § 1391(b).

### 2. Targeting

Alternatively, venue by targeting is a qualitative measure that does not turn on the volume of actual sales. *See Metro. Opera Ass'n. v. Naxos of Am., Inc.*, No. 98 Civ. 7858, 2000 WL 987265, at *3 (S.D.N.Y. July 18, 2000). But in lieu of demonstrating substantial sales, the plaintiff must show at least that the defendant took some active step to advertise, market, or otherwise solicit business in the district. *See, e.g., D'Anton*, 937 F. Supp. at 322 (holding that "[a]ttendance at trade shows in New York, without more, does not demonstrate sufficiently active attempts to market . . . infringing products here"); *Pilates, Inc.*, 891 F. Supp. at 183 (holding that venue was proper because "defendant targeted New York through advertising, and . . . direct-mail solicitation"); *French Transit, Ltd. v. Modern Coupon Sys., Inc.*, 858 F. Supp. 22, 26 (S.D.N.Y. 1994) (holding that a substantial part of the events giving rise to trademark infringement occurs when "a defendant targets the [d]istrict by advertising and actively pursues efforts to market the product by making sales presentations . . . in the [d]istrict").

---

[4] The Court observes that this 99.9% statistic is likely *deflated* because the .1% residual includes all sales into the state of New York, rather than sales specifically into the Southern District of New York. After all, Brooklyn—no stranger to coffee—is located in the Eastern District of New York.

The Internet adds a wrinkle to this analysis. On the one hand, it is clear that "a passive, albeit infringing, website" does not automatically make venue proper in all fifty states from which the allegedly infringing website can be viewed. *Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 460 (S.D.N.Y. 2000); *see also Metro. Opera Ass'n*, 2000 WL 987265, at *3. On the other hand, the Internet—just like print advertisements, television commercials, and the direct-mail catalogues of yore—offers a mode of communication that can be used to target a product into a particular market. *See Mattel, Inc. v. Adventure Apparel*, No. 00 Civ. 4085, 2001 WL 286728, at *5 (S.D.N.Y. Mar. 22, 2001).

The question is where passive information ends and intentional targeting begins. In answering this question, the Court is mindful of two admonitions. First, "[i]t would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Gulf Ins. Co.*, 417 F.3d at 357. Regardless of whether Detroit Bold's conduct renders it subject to this Court's personal jurisdiction, the Court must separately determine whether "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b). Second, "[t]he venue requirement 'serves the purpose of protecting a defendant from the inconvenience of having to defend an action in a trial that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred.'" *Mattel, Inc.*, 2001 WL 286728, at *4 (quoting *Metro. Opera Ass'n*, 2000 WL 987265, at *3). Consequently, this Court is "required to construe the venue statute strictly." *Gulf Ins. Co.*, 417 F.3d at 357.

With these principles in mind, the Court concludes that Detroit Bold's website alone is not sufficiently targeted at the Southern District of New York to make venue here proper. Detroit Bold's website allows a user to order coffee to be shipped to any of the fifty states

6

(Compl. ¶ 47), as does Detroit Bold's Amazon.com storefront (Compl. ¶¶ 50–52). But Detroit Bold has apparently done nothing else to market, advertise, or otherwise target sales into the state of New York. (O'Neil Decl. ¶ 14.) The company does not maintain a business address or telephone number in the district, does not advertise in the district, and does not maintain any storefronts in the district. (O'Neil Decl. ¶¶ 10, 14–16, 21.) In a brick-and-mortar world, a company could selectively direct advertising, catalogues, and sales representatives into particular markets. But in a networked world of online storefronts, hosting an online marketplace is more of an all-or-nothing proposition, and a website alone does not automatically demonstrate product targeting to every judicial venue. The mere existence of Detroit Bold's online-ordering platform does not indicate that a "substantial part" of the infringing events occurred in this district.

### B. Transfer to the Eastern District of Michigan

When a case is filed in a court without proper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

The Court concludes that it is in the interests of justice to transfer this action to the Eastern District of Michigan. Venue is clearly proper in that district. Both defendants are residents of Michigan, *see* 28 U.S.C. § 1391(b)(1), and a substantial part of the events giving rise to this action occurred in the Eastern District of Michigan, *id.* § 1391(b)(2). Transfer will allow Plaintiff to seek relief in a district with proper venue, without imposing the additional cost and delay that would result from refiling. *See G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, No. 97 Civ. 0730, 1998 WL 78292, at *5 (S.D.N.Y. Feb. 24, 1998).

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss or transfer for improper venue is GRANTED, and the motion to dismiss for lack of personal jurisdiction is DENIED as moot.

The Clerk of Court is directed to close the motions at Docket Numbers 20 and 31.

It is further ORDERED that this action be transferred to the U.S. District Court for the Eastern District of Michigan.

SO ORDERED.

Dated: February 16, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge